# NOVEMBER 3, 1937

Henry Bailey v. The State.

No. 19134. Delivered November 3, 1937.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in a wet area; penalty assessed at a fine of $150.00.

The prosecution was maintained under the provisions of Section 4a, Article 1 of Chapter 467, Acts of 44th Legislature, Second Called Session, 1935. The right to so prosecute is expressly preserved by House Bill No. 5, Section 48, Acts of 45th Legislature, Regular Session, 1937.

A representative of the Liquor Control Board and a deputy sheriff, upon a search of the premises of the appellant, found ten pints of whisky by opening a trap door in the floor of one of the rooms. There was no evidence that the appellant had sold or was offering for sale any intoxicating liquor on such premises or otherwise.

The appellant did not testify as a witness in his own behalf; nor did he offer any affirmative defensive testimony.

In submitting the case to the jury the court applied the rule that the possession of more than one quart of intoxicating liquor was prima facie evidence that the same was possessed for the purpose of sale. This charge was excepted to as being incorrect and that the law did not authorize the giving of such a charge under the particular offense alleged. With this contention we are in accord. The prima facie evidence rule embraced in Chapter 467, supra, applied only to the possession of intoxicating liquor for the purpose of sale in a dry area. There is nothing in said act nor in House Bill No. 5, supra, which authorizes the application of the prima facie rule in a wet area. Without the application of the prima facie rule, there was no evidence that the appellant was selling or offering for sale any intoxicating liquor. It therefore follows that the facts adduced are insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*