WILLIAM R. SARLES, JR. V. STATE

No. 29,595. February 26, 1958.

*Jack Garey*, Austin, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of whiskey for the purpose of sale in a wet area without having procured a permit from the Texas Liquor Control Board; the punishment, a fine of $100.

The testimony of the state shows that a search by an officer of appellant's car revealed 13 half-pints of whiskey. It was established that no permit authorizing the sale of whiskey had been issued to the appellant by the Texas Liquor Control Board.

Appellant admitted purchasing the 13 half-pints at a liquor store but contended that it was for his own use and not for the purpose of sale.

There was no evidence that the appellant possessed the whiskey for the purpose of sale.

The prosecution was maintained under the provisions of Art. 1, Sec. 4(a), of the Texas Liquor Control Act.

The prima facie evidence rule embraced in Art. 666-23(a) (2), applies only to the possession of intoxicating liquor for the purpose of sale in a dry area. The application of such evidence rule is not authorized when the possession of intoxicating liquor for the purpose of sale is alleged to have occurred in a wet area. 6 Texas Juris. Supp., 411-413, Secs. 59-60; Bailey v. State, 133 Texas Cr. Rep. 178, 109 S.W. 2d 1055.

In the absence of any evidence that the appellant possessed the whiskey for the purpose of sale, the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.